Nina Robertson, D.C. Bar # D00370
Earthrise Law Center
Lewis & Clark Law School
57 Post Street, Suite 804
San Francisco, CA 94104
Tel: 847-636-1486
Email: nrobertson@lclark.edu

Thomas C. Buchele, OSB # 081560
(Application for admission *pro hac vice* pending)
Earthrise Law Center
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland OR 97219-7799
Tel: 503-768-6643
Email: tbuchele@lclark.edu

*Plaintiff's Attorneys*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL PARKS CONSERVATION ASSOCIATION,** 777 6th St. NW, Suite 700 Washington, DC 20001-3723 | |
| Plaintiff, | |
| v. | **Civil Action No.:_____** |
| **UNITED STATES FOREST SERVICE,** 1400 Independence Ave., SW Washington, D.C. 20250-0003 | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, National Parks Conservation Association ("Plaintiff" or "NPCA") alleges as follows:

## INTRODUCTION

1.      This action is based on violations of the Freedom of Information Act ("FOIA" or "the Act"). 5 U.S.C. § 552. It challenges the unlawful failure of the Defendant, the United States Forest Service ("USFS"), to respond to NPCA's FOIA request within the time and in the manner required by FOIA. USFS has failed to provide a determination regarding records responsive to NPCA's request and is unlawfully withholding records responsive to NPCA's FOIA request, which has been pending for over eight months, since June 15, 2016.

2.      The purpose of FOIA is "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, 89th Cong., 1st Sess., 3 (1965). "[D]isclosure, not secrecy, is the dominant objective of the Act." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). FOIA therefore requires federal agencies to disclose records to any person upon request unless the information falls within one of nine narrow disclosure exemptions listed in the Act. *See* 5 U.S.C. § 552(a)(3)(A), (b); *see also Rose*, 425 U.S. at 361 ("These exemptions are explicitly made exclusive … and must be narrowly construed.") (internal citation and quotation marks excluded). Except in unusual circumstances, federal agencies must determine within twenty business days whether requested records are exempt from disclosure and, if they are not, the agency must "promptly disclose" the records to the requester. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § (a)(3)(A), (a)(6)(C)(i).

3.      On June 10, 2016, NPCA sent a FOIA request to USFS. The FOIA request sought "any and all documents regarding the Forest Service's [National Environmental Policy Act] and [Endangered Species Act] processes associated with its upcoming decision regarding whether to issue a special use permit to the Navy for the operation of three mobile emitters in the Olympic National Forest and on other Forest Service lands, as well as any documents submitted to the

Forest Service regarding past, current, or anticipated Naval training exercises affecting Olympic National Forest."

4.      NPCA submitted its FOIA request, in part, so that it could effectively and fully participate in the objection process regarding USFS's Draft Decision Notice and Finding of No Significant Impact Pacific Northwest Electronic Warfare Range ("Draft Decision"). The Draft Decision considered whether to issue a special use permit to the Navy to operate three mobile emitter trucks—which emit electromagnetic energy simulating systems operated by enemy combatants—in the Olympic National Forest in connection with electronic warfare training. According to the Draft Decision, while the mobile emitters would operate only on Olympic National Forest roads, the training activities associated with them would occur on and above the Olympic Peninsula and the Olympic National Forest, and above Olympic National Park. NPCA believed its participation in the public decision-making process for this Draft Decision was essential because the proposed federal actions will adversely impact Olympic National Park and its environs. At the time NPCA made its FOIA request, USFS had not yet issued the Draft Decision, but NPCA had reason to believe USFS would issue it in late 2016.

5.      USFS violated FOIA in several ways during its processing of NPCA's FOIA request. First, USFS failed to make a determination regarding NPCA's FOIA request. Second, USFS improperly withheld records responsive to NPCA's FOIA request. Third, USFS failed to notify NPCA of the date on which USFS received NPCA's request. Fourth, USFS failed to provide NPCA with an estimated date on which USFS would complete action on NPCA's request. Each of these failures on the part of USFS violates FOIA.

6.      In this case, USFS has missed every applicable FOIA deadline. Critically, although USFS knew that NPCA requested the records in order to effectively object to USFS's Draft Decision,

USFS failed to release responsive records before closing the objection period. USFS has

therefore deprived NPCA of one of the primary purposes of its FOIA request—to fully and

effectively object to the Draft Decision. It has also denied NPCA an opportunity to provide

meaningful public oversight of the government's electronic warfare training activities occurring

on and above the Olympic Peninsula, including above Olympic National Park. However, the

records are still critically important to NPCA as they will inform NPCA of the basis on which

USFS issued its draft decision and may issue its final decision. Moreover, the requested records

are still highly relevant to NPCA's ongoing public education and outreach efforts regarding

impacts to Olympic National Park from electronic warfare training.

**7.**     USFS is improperly withholding from disclosure responsive records sought by NPCA,

records to which NPCA is legally entitled. USFS has violated numerous FOIA mandates by

failing to provide a determination on NPCA's FOIA request within the time and manner required

by law. Accordingly, NPCA seeks a declaration from this Court that USFS has violated FOIA.

NPCA also seeks an injunction from this Court that directs USFS to promptly provide NPCA

with the requested records.

## JURISDICTION, VENUE AND BASIS FOR RELIEF

**8.**     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28

U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28

U.S.C. § 2201, *et seq*.

**9.**     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B). Assignment is

proper in this district for the same reason.

**10.**     Declaratory relief is appropriate under 28 U.S.C. § 2201.

**11.**     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

**12.**    Plaintiff, NPCA, is a national non-profit working to protect and enhance America's

National Park System for present and future generations. NPCA is headquartered in Washington,

DC, and has various regional offices, including a Northwest Regional Office based in Seattle,

Washington. As part of its advocacy, NPCA works to protect all national parks, including the

Olympic National Park on the Olympic Peninsula in Washington State. NPCA requested the

records that USFS has failed to disclose in furtherance of NPCA's organizational mission and its

work to protect Olympic National Park. Specifically, one reason NPCA sought the records was

to effectively prepare for and respond to USFS's Draft Decision. Even though the objection

period for that Draft Decision closed before USFS released any responsive records, the records

are still critically important to NPCA because they will inform NPCA of the basis on which

USFS issued its Draft Decision and may issue its final decision, and because they are very

relevant to NPCA's ongoing public education and outreach efforts regarding noise impacts to

Olympic National Park from electronic warfare training.

**13.**    NPCA seeks information in order to contribute to the public's understanding of USFS's

and the Navy's operations and activities on and above the Olympic National Forest and the

Olympic Peninsula, and above Olympic National Park.

**14.**    Defendant USFS is an agency of the executive branch of the United States government, it

is in possession and control of the records sought by NPCA, and as such, it is subject to FOIA

pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

**15.**    FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a

federal agency that receives a FOIA request to determine whether the requested records are

exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the

requester within twenty business days. 5 U.S.C. § 552(a)(6)(A)(i). If the agency makes any adverse determination regarding a request, the agency must also communicate to the requester that it has a right to appeal that determination. 5 U.S.C. § 552(a)(6)(A)(i). If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

16.     FOIA also mandates that a federal agency that has received a request for records must inform the requester of "the date on which the agency originally received the request[,]" and "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B).

17.     FOIA provides only limited circumstances under which a federal agency may take longer than 20 business days to make a determination. First, the agency may toll the 20 business-day deadline for up to ten additional business days while the agency is waiting for the information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I). Second, the agency may also toll the 20 business-day deadline for up to ten additional business days if it needs to clarify with the requester any issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(II). Additionally, if the agency faces "unusual circumstances," the agency may extend the 20 business-day deadline if the agency sets "forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). No extension will exceed ten business days unless the agency provides written notice to the requester explaining the "unusual circumstances" requiring an extension, establishes the date on which the agency expects to make the determination, and gives the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or

a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Under FOIA, "unusual circumstances" are defined as "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or "the need for consultations … with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

18.     Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, according to the above provisions, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

19.     A U.S. district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C. § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii).

## STATEMENT OF FACTS

20.     On June 10, 2016, NPCA requested from USFS the following records:

[A]ny and all documents regarding the Forest Service's NEPA and ESA processes associated with its upcoming decision regarding whether to issue a special use permit to the Navy for the operation of three mobile emitters in the Olympic National Forest and on other Forest Service lands, as well as any documents submitted to the Forest Service regarding past, current, or anticipated Naval training exercises affecting Olympic National Forest.

21.    NPCA's FOIA request specifically sought, although it was not limited to, the following:

1.    Any and all documents regarding the Forest Service's NEPA and ESA processes associated with its upcoming decision regarding whether to issue a special use permit to the Navy for the operation of three mobile emitters in the Olympic National Forest and on other Forest Service lands, as well as any documents submitted to the Forest Service regarding past, current, or anticipated Naval training exercises affecting Olympic National Forest;

2.    Any and all documents detailing inter- or intra-agency communications regarding the 2014 EA and the Forest Service's potential special use permit;

3.    Any and all documents regarding agency consultation under the Endangered Species Act surrounding the Forest Service's potential issuance of a special use permit to the Navy to conduct electronic warfare training on and above Forest Service lands in the Olympic Peninsula; and

4.    Any and all documents related to or addressing impacts to Olympic National Park or its visitors from Naval training exercises on or above the Olympic Peninsula.

22.    USFS received NPCA's FOIA request on June 15, 2016 via certified mail.

23.    Via email dated July 19, 2016, USFS acknowledged receipt of NPCA's FOIA request and assigned it control number 2016-FS-R6-04795-F. However, USFS did not acknowledge the date on which it originally received the request.

24.    Over three months later, and without any additional correspondence from USFS, NPCA's counsel sent an email to USFS on October 20, 2016 inquiring as to the status of NPCA's request and asking for an estimated date of completion for the processing of the FOIA request. NPCA again explained it had in part submitted the FOIA request in order to effectively participate in a potential objection to USFS's decision regarding whether to grant a special use permit to the Navy to conduct electronic warfare exercises on Forest Service land on the Olympic Peninsula.

25.    On October 28, 2016 USFS responded to NPCA's counsel's October 20, 2016 email by notifying NPCA that USFS had "collected over 500 responsive documents that [it was] required to review prior to release." The USFS wrote that it "anticipate[d] having a first release of records to [NPCA] within the next ten business days." USFS did not notify NPCA of an estimated date on which USFS would complete action on NPCA's request, or whether USFS planned to withhold any documents as exempt.

26.    On November 17, 2016, approximately two weeks after USFS stated NPCA would receive USFS's first release of responsive records, NPCA's counsel again inquired into the status of NPCA's request stating that NPCA would be amenable to "an initial partial disclosure with the understanding that the Forest Service's full response [would] be released as soon as possible." NPCA's counsel also noted that NPCA's request had been pending well beyond the statutory deadlines imposed by FOIA.

27.    On November 29, 2016, USFS emailed NPCA's counsel explaining that it had "reviewed 213 responsive documents totaling 1860 pages and hope[d] to have a signed partial response letter … before the end of the week." In that email, USFS also asserted that it would call NPCA's counsel to confirm that he did in fact receive USFS's November 29 email and to answer any questions regarding the processing of the request the following business day.

28.    USFS did not contact NPCA's counsel the following business day, and NPCA never received an initial disclosure.

29.    On November 29, 2016, USFS released its Draft Decision, starting a 45-day objection period.

30.    On December 5, 2016, NPCA's counsel inquired into the status of NPCA's request, USFS's initial disclosure, and USFS's FOIA officer's promise in USFS's November 29, 2016

email to contact him to answer any questions regarding NPCA's request. NPCA noted the fact that it was, and is, "extremely prejudiced by the Forest Service's continued delay in responding to NPCA's FOIA request" which had been pending for nearly 100 business days at that point. NPCA also noted that USFS had released its Draft Decision and that the documents sought were "critical to NPCA's ability to effectively object to the Forest Service's Draft Decision."

31.     On December 8, 2016, USFS stated that while it "had anticipated having a large portion of the responsive documents in the mail to [NPCA's counsel] already," no responsive documents had been shipped. USFS also noted that NPCA's FOIA request was sixth in the queue of complex requests but that USFS was "focusing on the responsive records for [NPCA's] request due to the urgent time frame [NPCA] identified." USFS had never before notified NPCA that it considered NPCA's request "complex."

32.     On December 16, 2016, NPCA contacted USFS again asking it to withdraw its pending objection period for the Draft Decision until USFS fully "respond[ed] to NPCA's request for documents directly related to [the] Draft Decision." NPCA noted that its FOIA request had then been pending for more than six months.

33.     As of the date this action was filed, USFS has not informed NPCA of the date on which USFS originally received NPCA's FOIA request, nor has USFS provided NPCA with an estimated date on which USFS will complete action on NPCA's request.

34.     USFS has never stated that NPCA's request was sent to an inappropriate component of the agency. Nor has USFS requested information regarding the scope or content of NPCA's request, or sought to clarify with NPCA issues regarding fee assessment.

35.     USFS has never provided NPCA with written notice setting forth unusual circumstances justifying an extension of FOIA's mandatory deadlines.

**36.**     USFS has failed to produce a single responsive record to NPCA before the objection

period for its Draft Decision closed on January 13, 2017.

**37.**     As of the date this action was filed, USFS has not provided NPCA with single responsive

record to NPCA's June 10, 2016 FOIA request.

**38.**     As of the date this action was filed, the statutory deadline for USFS to issue a timely

determination on NPCA's pending FOIA request has passed.

**39.**     "[I]n order to make a "determination" … the agency must at least: (i) gather and review

the documents; (ii) determine and communicate the scope of the documents it intends to produce

and withhold, and the reasons for withholding any documents; and (iii) inform the requester that

it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility &*

*Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

**40.**     As of the date this action was filed, USFS has not provided a determination on NPCA's

June 10, 2016 FOIA request.

**41.**     As of the date this action was filed, USFS has failed to gather and review all of the

documents responsive to NPCA's June 10, 2016 FOIA request.

**42.**     As of the date this action was filed, USFS has failed to communicate the scope of the

documents it intends to produce and withhold, and the reasons for withholding any documents.

**43.**     As of the date this action was filed, USFS has failed to inform NPCA of its appeal rights

under FOIA.

**44.**     As of the date this action was filed, USFS has failed to inform NPCA which responsive

records, if any, it believes are exempt under FOIA's narrow exemptions.

**45.**     Because USFS has not issued a determination on NPCA's FOIA request, NPCA could

not file an administrative appeal of any determination, and therefore has constructively

exhausted all administrative remedies required by FOIA. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C).

**46.**     NPCA's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

## CAUSES OF ACTION

## CLAIM I

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: FAILURE TO MAKE A DETERMINATION

**47.**     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**48.**     NPCA has a right to processing of its FOIA request in a manner that complies with FOIA. USFS was, and is, required to determine within 20 business days after the receipt of NPCA's FOIA request whether to comply with the request, and to immediately notify NPCA of USFS's determination and the reasons therefor, and the right of NPCA to appeal to the head of the USFS any adverse determination.

**49.**     NPCA, through its June 10, 2016 FOIA request, properly asked for records within USFS's control.

**50.**     USFS received NPCA's request on June 15, 2016. The twentieth business day following June 15—excepting Saturdays, Sundays, and legal public holidays—was July 13, 2016.

**51.**     As of the date on which NPCA filed this action, USFS had not produced any records to NPCA in response to its FOIA request.

**52.**     As of the date on which NPCA filed this action, USFS had never claimed any FOIA exemptions in response to NPCA's FOIA request.

**53.**     As of the date on which NPCA filed this action, USFS had never informed NPCA that it could appeal any adverse portion of USFS's communications regarding NPCA's FOIA request.

**54.**     As of the date on which NPCA filed this action, USFS had violated NPCA's rights by unlawfully delaying its response to NPCA's June 10, 2016 FOIA request beyond the determination deadlines imposed by FOIA.

**55.**     As of the date on which NPCA filed this action, USFS was unlawfully withholding from public disclosure records sought by NPCA, records to which NPCA is legally entitled.

**56.**     NPCA is entitled to reasonable costs of litigation and attorneys fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

### CLAIM II

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: UNLAWFULLY WITHHOLDING RESPONSIVE RECORDS

**57.**     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**58.**     USFS is required, upon receipt of a request for records from NPCA, to make those records promptly available to NPCA, unless the records may be withheld under one of FOIA's narrow exemptions. 5 U.S.C. § 552(a)(3)(A), (b).

**59.**     NPCA, through its June 10, 2016 FOIA request, properly asked for records within USFS's control.

**60.**     USFS received NPCA's request on June 15, 2016.

**61.**     USFS has not produced any records to NPCA in response to its FOIA request.

**62.**     As of the date on which NPCA filed this action, USFS had never claimed any exemption in response to NPCA's FOIA request.

**63.**     NPCA's rights in this regard were violated when USFS failed to produce records responsive to NPCA's request promptly after receiving NPCA's FOIA request on June 15, 2016.

**64.**     USFS is improperly and unlawfully withholding from public disclosure information

sought by NPCA, information to which it is entitled.

**65.**     NPCA is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## CLAIM III

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: FAILURE TO NOTIFY REQUESTER OF THE DATE ON WHICH THE AGENCY RECEIVED THE FOIA REQUEST

**66.**     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**67.**     FOIA requires an agency that receives a FOIA request to inform the requester of the date on which the agency originally received the request. 5 U.S.C. § 552(a)(7)(B)(i).

**68.**     As of the date on which NPCA filed this action, USFS had failed to inform NPCA of the date on which it received NPCA's FOIA request.

**69.**     NPCA is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## CLAIM IV

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: FAILURE TO PROVIDE AN ESTIMATED DATE ON WHICH THE AGENCY WILL COMPLETE ACTION ON THE FOIA REQUEST

**70.**     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**71.**     FOIA requires federal agencies to provide the requester with information about the status of the agency's response to a request, including an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7)(B)(ii).

**72.**     NPCA asked USFS numerous times for an estimated date on which USFS would complete action on NPCA's FOIA request. In so doing, NPCA invoked 5 U.S.C. §

552(a)(7)(B)(ii).

**73.**     As of the date on which NPCA filed this action, USFS had failed to provide an estimated

date on which USFS would complete action on NPCA's FOIA request.

**74.**     NPCA is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5

U.S.C. § 552(a)(4)(E).

**REQUESTS FOR RELIEF**

WHEREFORE, NPCA prays that this Court:

**1.**     Declare USFS's failure to make a timely determination on NPCA's FOIA request to be

unlawful under FOIA;

**2.**     Declare USFS's failure to promptly provide NPCA with records responsive to NPCA's

FOIA request to be improper and unlawful under FOIA;

**3.**     Declare USFS's failure to provide NPCA with the date on which it originally received its

FOIA request, to be unlawful under FOIA;

**4.**     Declare USFS's failure to provide NPCA with the an estimated date on which USFS

would complete action on NPCA's FOIA request, to be unlawful under FOIA;

**5.**     Order USFS in the form of injunctive relief to promptly provide NPCA with all of the

records responsive to its FOIA request;

**6.**     Award NPCA its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E),

or any other applicable law;

**7.**     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

**8.**     Grant such other and further relief as this Court may deem just and proper.


Respectfully submitted for the Court's consideration, this 14th day of March, 2017.

/s/ Nina Robertson

Nina Robertson, D.C. Bar # D00370
Earthrise Law Center
Lewis & Clark Law School
57 Post Street, Suite 804
San Francisco, CA 94104
Tel: 847-636-1486
Email: nrobertson@lclark.edu

Thomas C. Buchele, OSB # 081560
(Application for admission *pro hac vice* pending)
Earthrise Law Center
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland OR 97219-7799
Tel: 503-768-6643
Email: tbuchele@lclark.edu

*Plaintiff's Attorneys*